# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2025

Lyle W. Cayce
Clerk

————————

No. 25-50102
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CEDRIC REESE,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-159-1

_____

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Cedric Reese appeals his 180-month sentence for possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He argues that his above-guidelines sentence is substantively unreasonable. For the first time on appeal, he also contends that § 922(g)(1) violates the Second Amendment as applied to him. We review his first argument for an abuse of

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and his second for plain error, *see United States v. Jones*, 88 F.4th 571, 572 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

Reese has not shown that the district court abused its discretion by determining the 18 U.S.C. § 3553(a) factors justified the above-guidelines sentence despite the asserted mitigating factors in his case. *See Gall*, 552 U.S. at 51; *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Further, the extent of the upward variance is comparable to those that this court has affirmed. *See, e.g, United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010). Finally, Reese's as-applied challenge to § 922(g)(1) is foreclosed based on his prior convictions for robbery and burglary. *See United States v. Schnur*, 132 F.4th 863, 870-71 (5th Cir. 2025); *United States v. Diaz*, 116 F.4th 458, 467-70 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025).

AFFIRMED.